IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. GJH-19-0417 |
| JASON PASSPORT | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SUPPRESS STATEMENTS

The defendant, Jason Passport, through undersigned counsel, hereby respectfully moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress any and all statements, admissions and confessions allegedly given by the defendant, whether oral, written or otherwise recorded, which the government proposes to use as evidence against the defendant at trial, and in support of the motion alleges as follows:

1. The defendant, Jason Passport, has been charged in a five-count indictment with one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and with four counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). On September 23, 2019, the defendant was arraigned on the indictment and entered a plea of not guilty to the five counts alleged in the indictment.

2. Information provided by the government indicates that Mr. Passport may have been questioned by one or more law enforcement officers after his arrest on August 19, 2019.

3. Any alleged statements were obtained in violation of the Fifth and Sixth Amendments to the United States Constitution, and in violation of the Supreme Court's decision in *Miranda v.*

*Arizona*, 384 U.S. 436 (1966).[1] Any such statements should also be suppressed as they were the fruit of an unlawful search of the residence, as described in the motion to suppress evidence, which is incorporated into this motion. *Wong Sun v. United States*, 371 U.S. 471 (1963).

4. Mr. Passport is entitled to a hearing regarding the voluntariness of any statements, admissions, or confessions attributed to him in accordance with the provisions of Title 18 U.S.C. §3501 and the principles set forth in the case of *United States v. Inman*, 352 F.2d 954 (4th Cir. 1965).

**WHEREFORE**, the defendant moves that all statements, admissions and confessions which the government proposes to use as evidence against him, whether oral, written or otherwise recorded, be suppressed.

    Respectfully submitted,

    JAMES WYDA
    Federal Public Defender


    /s/
    JULIE L. B. STELZIG (#27746)
    Assistant Federal Public Defender
    6411 Ivy Lane, Suite 710
    Greenbelt, Maryland 20770
    Tel: (301) 344-0600
    Fax: (301) 344-0019
    Email: julie_stelzig@fd.org

---

[1] In *Dickerson v. United States*, 530 U.S. 428 (2000), the Supreme Court affirmed *Miranda*, and held 18 U.S.C. § 3501 is unconstitutional insofar as it overruled *Miranda*. We assume that the procedures specified in § 3501 to determine voluntariness of a statement that are not in conflict with *Miranda* survive.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. Fifth Amendment to the United States Constitution

2. Sixth Amendment to the United States Constitution

3. *Dickerson v. United States*, 530 U.S. 428 (2000).

4. *Miranda v. Arizona*, 384 U.S. 436 (1966).

5. *United States v. Inman*, 352 F.2d 954 (4th Cir. 1965).

6. *Wong Sun v. United States*, 371 U.S. 471 (1963).

**REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the defendant's Motion to Suppress Statements.

/s/
JULIE L. B. STELZIG
Assistant Federal Public Defender